WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Lowry & Marian Carol,<br><br>Plaintiffs,<br><br>v.<br><br>JPMorgan Chase & Company, et al,<br><br>Defendants. | No. CV-16-08279-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiffs Gary Lowry and Marian Carol's Motion and Request for Emergency TRO and Preliminary Injunction, (Doc. 12). For the following reasons, the motion is denied and the case is terminated.

**I.    Background**

This action arises from Defendant JPMorgan Chase & Company's ("Chase") stated intention to foreclose upon the Plaintiffs property on December 19, 2016. (Doc. 12 at 2.) Plaintiffs bought the property at 2900 S. Blue Ranch Road, Cottonwood, Arizona in November of 2004 through a mortgage secured by the income produced by their ministry, Western Spirit Enrichment Center ("Western Spirit"). (Doc. 12 at 3.) This mortgage was later refinanced in April 2006 with Encore Credit Corporation, and then sold to EMC Mortgage Corporation ("EMC"). (Doc. 12 at 3.) In December 2010, Plaintiffs applied for a loan modification with EMC. (*Id.*) On April 1, 2011, Chase acquired all of EMC's assets in a *de facto* merger. (*Id.*) Plaintiffs received a "Statement of Ineligibility" letter from Chase later that month informing them that their application

was denied. (*Id.*) It is unclear at what point Lowry and Carol stopped making their mortgage payment on the property, but Chase recorded a notice of sale at the Yavapai County Recorder's Office on September 8, stating its intent to foreclose on the property on December 19, 2016. (*Id.* at 2, 10.) Plaintiffs filed this motion for emergency relief on December 9.

**II.     Analysis**

### A. Plaintiffs Fail to Satisfy the Requirements for Preliminary Injunctive Relief.

The Plaintiffs failed to comply with the requirements of Rule 65, and thus they may not obtain a temporary restraining order without notice. To obtain a temporary restraining order without notice, a plaintiff must allege facts that indicate an immediate and irreparable injury "before the adverse party can be heard in opposition" and (2) certify "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65. While the Plaintiffs assert an irreparable injury (the loss of their property), they do not indicate why a hearing must occur before the adverse party can be heard, or detail any efforts they have made to give notice to the opposing party. (*See* Doc. 12.) Therefore, the Plaintiffs cannot obtain a temporary restraining order without notice.

The Plaintiffs also fail to satisfy the four prong analysis for obtaining a preliminary injunction or temporary restraining order under *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain either a temporary restraining order or a preliminary injunction, a plaintiff must satisfy four elements, including "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 22; *see L.A. Unified Sch. Dist. v. U.S. Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) ("Because TROs are not normally appealable, case law does not detail the standards to be applied on review. However, guidance may be gleaned from cases considering the propriety of preliminary injunctions."). While the

imminent foreclosure on their property is evidence of irreparable harm, none of the facts alleged indicate that Plaintiffs are likely to succeed on the merits. The Complaint asserts that Plaintiffs are ministers of their church, but it does not allege any facts that indicate that Chase refused to grant them a loan modification due to their religion. Rather, Plaintiffs concede that they have not paid their mortgage for some time now, and thus they fail to meet their burden that it is likely that the foreclosure action is due to religious discrimination rather than non-payment. (Doc. 12 at 10.) Furthermore, Plaintiffs cannot demonstrate that the balance of equities tip in their favor, particularly considering that they have had multiple attempts to argue the merits of this action in federal court, and they have been denied every time. *See Lowry v. JPMorgan Chase Bank NA, et al.*, No. CV-11-08177-PCT-JAT, slip op. at 2 (D. Ariz. Dec. 1, 2016). The facts alleged in the Plaintiffs' motion are insufficient to indicate that any public interest served in issuing the injunction, if at all, could possibly overcome the other two factors weighing against the issuance of an injunction.

### B. Plaintiffs' Claims Before this Court are Duplicative of Their Other Causes of Action

It has come to this Court's attention that the Plaintiffs in this case have filed numerous actions against Defendants JPMorgan Chase ("Chase") and EMC[1] dealing with this foreclosure, including one before Judge Teilborg of this Court. *See Lowry v. JPMorgan Chase Bank NA, et al.*, No. CV-11-08177-PCT-JAT (D. Ariz. Dec. 1, 2016). That case is currently before the Ninth Circuit on appeal following Judge Teilborg's dismissal of the Plaintiffs' claims. *See id.*

/ / /

---

[1] The Court notes that although this action also lists US Bank National Association as a Defendant to this action, the Complaint is completely devoid of any mention of this Defendant. Therefore, this Court finds that US Bank National Association is improperly joined as a defendant in this action and drops it from this action. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.")

1     "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (internal quotation and citation omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). The question of whether causes of action can be considered the same, and thus duplicative of each other, "depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* at 689 (quoting *Western Sys., Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir.1992)).

The Plaintiffs filed an action alleging several violations of state and federal law against Chase and EMC in 2011, including claims based on religious discrimination. *See Lowry v. EMC Mortg. Corp.*, No. CV 11-8177-PCT-JAT, 2012 WL 3257652, at *7 (D. Ariz. Aug. 8, 2012) (dismissing Plaintiffs claims against Chase and EMC because "Plaintiffs fail to plead any facts supporting an inference that they were denied a loan modification based on their religion."). The Plaintiffs amended their claims and re-filed, and the claims were once more dismissed because "[a]lthough Plaintiffs repeatedly allege that the failure to use the income of Western Spirit in determining Plaintiffs' qualification for a loan modification was illegal and fraudulent, they fail to cite to any provision of a contract or any other law that would place such a requirement on Defendants." *Lowry v. EMC Mortg. Corp.*, No. CV-11-08177-PCT-JAT, 2013 WL 841326, at *3 (D. Ariz. Mar. 6, 2013). The Plaintiffs were subsequently denied further leave to amend their complaint after it was determined that further amendment would be futile, and they have since appealed the dismissal of their claims. *Id.* at *5; *Lowry v. JPMorgan Chase Bank NA, et al.*, No. CV-11-08177-PCT-JAT, slip op. at 1 (D. Ariz. Dec. 1, 2016).

Both the Ninth Circuit as well as Judge Teilborg recently denied requests for emergency injunctive relief from the Plaintiffs that were largely identical to the request currently before this Court. *See Lowry v. JPMorgan Chase Bank NA, et al.*, No. CV-11-08177-PCT-JAT (D. Ariz. Dec. 1, 2016). In light of this as well as the facts stated above, this Court finds that the current causes of action before the Court are duplicative of the

Plaintiffs' other claims, and therefore the Plaintiffs' claims before this Court are terminated.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Motion and Request for Emergency TRO and Preliminary Injunction, (Doc. 12), is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this case and enter judgment accordingly.

Dated this 15th day of December, 2016.

_____
Honorable G. Murray Snow
United States District Judge